

Opinions of the United
States Court of Appeals
for the Third Circuit

9-26-2002

# Tri Cty Concerned v. Carr

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3877

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Tri Cty Concerned v. Carr" (2002). *2002 Decisions.* Paper 615.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/615

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No: 01-3877
_____


TRI-COUNTY CONCERNED
CITIZENS ASSOCIATIONS;
PATTY BRANN; KATHY BRILL;
WILLIAM CRANSTON; HOLLY HARTSHORNE;
BARBARA MESSNER,

Appellants

v.

RAYMOND CARR; MORGANTOWN PROPERTIES, INC.;
WILLIAM BETZ; JUDITH BETZ; ROBERT G. WILLIAMS;
CAROLYN WILLIAMS; CHERYL CONKEL;
NEW MORGAN BOROUGH


Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 98-cv-04184)
District Judge: Honorable Ronald L. Buckwalter


Submitted Under Third Circuit LAR 34.1(a)
on June 10, 2002

Before:Sloviter, Roth
and McKee  Circuit Judges

(Opinion filed September 26, 2002)


O P I N I O N


ROTH, Circuit Judge:

    Plaintiffs Tri-County Concerned Citizens Association et al. appeal the final order
of judgment of the United States District Court for the Eastern District of Pennsylvania,
granting defendants Carr, et. al.'s Motion to Dismiss three federal claims pursuant to
F.R.Civ.P. 12(b)(6), three state law claims pursuant to 28 U.S.C. 1367(c)(3), and
plaintiffs' Amended Complaint.  Plaintiffs own land adjacent to New Morgan Borough
where defendants plan to operate landfills and a trash to steam plant.
    The District Court had jurisdiction over the federal claims pursuant to 28 U.S.C.
1331 and  1964 (RICO) and supplemental jurisdiction over the state claims pursuant to
28 U.S.C.  1367(a).  We have appellate jurisdiction of a final order granting a motion to
dismiss pursuant to 28 U.S.C.  1291.  We exercise plenary review over complaints

dismissed for failure to state a claim under F.R.Civ.P. 12(b)(6).  See Ditri v. Caldwell Banker Residential Affiliates, Inc., 954 F. 2d 869, 871 (3d Cir. 1992) and Breyer v. Meissner, 214 F.3d 416, 421 (3d Cir. 2000).

For the following reasons, we will affirm the judgment of the District Court.

In reviewing a motion to dismiss under F.R.Civ.P. 12(b)(6), the non-moving party is given the benefit of all reasonable inferences that can be drawn from the allegations in the complaint, and the court must accept these allegations as true.  Breyer v. Meissner, 214 F. 3d 416, 421 (3d Cir. 2000) citing Lake v. Arnold, 112 F. 3d 682, 642 (3d Cir. 1997) and D.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1367 (3d Cir. 1992), cert. denied, 113 S. Ct. 1045 (1993).  Further, a motion to dismiss under F.R.Civ.P. 12(b)(6) should only be granted when it appears that the plaintiff can prove no set of facts that would entitle him/her to relief.  See Smith v. Messinger, 293 F. 3d 641, 647 (3d Cir. 2001) citing Conley v. Gibson, 355 U.S. 41, 45 - 46 (1957).

Appellants raise four issues on appeal:  (1) that the District Court erred in ruling that they had not asserted a protected property interest in their substantive due process claim, (2) that the District Court erred in dismissing their procedural due process claim, (3) that the District Court erred in finding that plaintiffs had suffered no direct injury to sustain their RICO claim, and (4) that the District Court erred in refusing to allow them to amend their complaint.

First, to establish a substantive due process claim, plaintiffs must have been deprived of a protected property interest by arbitrary and capricious government action.  See DeBlasio v. Zoning Bd. of Adjustment, 53 F. 3d 592, 598 (3d Cir. 1995).  Although the District Court did find that appellants had alleged arbitrary and capricious government action in their Amended Complaint, the District Court further found that plaintiffs had not pled any property interest that would give rise to substantive due process protection.

Because the protected property interests claimed by appellants have not ever been held to have been violated by land use decisions made by a neighboring township, the District Court properly determined that the appellants had failed to allege a protected property interest.

Second, to establish a claim for denial of procedural due process, plaintiffs must have been deprived of a protected property interest by a person acting under the color of the law, and the state procedure for challenging that deprivation must not satisfy the requirements of procedural due process.  Parratt v. Taylor, 451 U.S. 527, 537 (1981).  Since the District Court held that plaintiffs have suffered no violation of a protected property interest, their procedural due process claim fails on the first element.  Moreover, even if they had suffered such a violation, adequate process exists in Pennsylvania to appeal land use decisions.

Third, to establish a RICO claim, plaintiffs must have suffered an injury to their business or property by reason of the alleged violation of   1962 claim.  Here, plaintiffs allege that they had suffered "loss of property value" due to defendants' extortion scheme.  Plaintiffs argue that defendants' actions directly effected a loss in their property value by the "noxious businesses" on the abutting property.  However, this is an "injury" that cannot be directly assessed or measured from defendants' alleged extortionate acts.  Moreover, plaintiffs do not specify how their land has or would be injured.  They simply state they would suffer injury by "noxious uses" of the land in question.  The District Court concluded that in making this allegation, plaintiffs failed to prove that defendants' actions proximately caused the alleged injury to plaintiffs' property.  We agree.

Finally, plaintiffs argue that the District Court erred in not allowing them to amend their complaint for a fourth time.  The District Court determined that justice did not require a fourth amended complaint that was "incorrectly" filed.  We will not alter that determination.

For the foregoing reasons, we will affirm the judgment of the District Court.


TO THE CLERK:

Please file the foregoing Opinion.

By the Court,


/s/ Jane R. Roth
Circuit Judge